RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 8/14/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

ONTARIO SAMUELS                    DOCKET NO. 14-CV-2223; SEC. P
  a.k.a. ONTARIO A. SAMUELS
  a.k.a. ONTARIO ANDREW SAMUELS
DOC #343508

VERSUS                            JUDGE TRIMBLE

BOBBY JINDAL, ET AL.              MAGISTRATE JUDGE KIRK

### REPORT AND RECOMMENDATION

Pro se Plaintiff Ontario Andrew Samuels filed the instant civil rights complaint (42 U.S.C. §1983) on June 30, 2014. Plaintiff was granted leave to proceed *in forma pauperis* on July 9, 2014. [Doc. #4] Plaintiff is an inmate housed at the Natchitoches Parish Detention Center. He names as defendants Governor Bobby Jindal and Secretary James LeBlanc, and Plaintiff claims that he is being forced to register as a sex offender, and being prosecuted for failing to register, based on a case of mistaken identity. He seeks an immediate release from custody, as well as twenty-five million dollars in punitive damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Plaintiff's Allegations*

Plaintiff alleges that he is being falsely imprisoned under another individual's social security number, due in part to a conspiracy involving two judges, two district attorneys, and two

state appointed attorneys.

Plaintiff has filed numerous complaints in this district court presenting this same argument; one of those complaints, thus far, has been dismissed as frivolous [5:13-cv-2775, Samuels v. Emmanuel, et al.]. In the suit that has been dismissed, Plaintiff claimed that he is the victim of misidentification, that he is not a sex offender, and that he is being confused with another individual named Ontario Samuels. He sued Judge Ramona Emanuel, a judge of the First Judicial District Court, Caddo Parish District Attorney Rex Scott and his assistants, and attorney Carolyn J. Sartin, the attorney appointed to represent him in his criminal proceeding.

### *Law and Analysis*

1. Screening

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. §1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam). Because he is proceeding in forma pauperis, his complaint is also subject to screening under §1915(e)(2). Both §1915(e)(2)(B) and §1915A(b) provide for sua sponte dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such

relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In Wilson v. Lynaugh, 878 F.2d 846, 849 (5th Cir.), cert. denied, 493 U.S. 969 (1989), the Fifth Circuit Court of Appeal held that *in forma pauperis* complaints may be dismissed as frivolous if they seek to relitigate claims that allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff. Id. at 878 F.2d at 850.

2. Release from Custody

In addition to punitive damages, Plaintiff seeks his release from custody. "A habeas petition, ... is the proper vehicle to seek release from custody." Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997); Cook v. Texas Dept. of Criminal Justice Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994)(holding that habeas corpus is the appropriate federal remedy for a state prisoner challenging the fact of his confinement). However, even if this claim had been

filed in a habeas petition, the claim would still be subject to dismissal as unexhausted. The jurisprudence holds that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. See, e.g., Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-492 (1973); Ex parte Royall, 117 U.S. 241, 250-54 (1886); Brown v. Estelle, 530 F.2d 1280, 1283 (5th Cir. 1976).

The jurisprudentially crafted exhaustion doctrine of section 2241(c)(3) was crafted on federalism grounds in order to protect the state courts' opportunity to initially confront and resolve constitutional issues arising within their jurisdictions and to limit federal interference in the state adjudicatory process. See Braden, 410 U.S. at 490-91. In order to satisfy the exhaustion requirement, the party seeking habeas relief must have provided all state courts that could review the matter with a fair opportunity to review all of his habeas corpus claims before a federal court will review those claims. See Anderson v. Harless, 459 U.S. 4, 103 S.Ct. 277 (1982).

3. Punitive Damages

Plaintiff seeks punitive damages due to the

4

"misidentification" and false imprisonment. His claim for monetary damage is barred by Heck v. Humphrey, 512 U.S. 477 (1994), because a grant of any such relief would imply the invalidity of plaintiff's present and/or future incarceration. See Wilkinson v. Dotson, 544 U.S. 74, 80-81 (2005).

4. Mistaken Identity

As the Magistrate Judge stated in the Report and Recommendation of Docket No. 5:13-cv-2775, which was adopted by the district judge, "Plaintiff's underlying claim – that there are two persons named Ontario Samuels and that "the other" Samuels, but not the plaintiff, is the sex offender who has failed to register according to Louisiana – strains credulity. As noted in the exhibits proffered by plaintiff, the sole basis for this ludicrous claim is that the offending Samuels has the middle initial "A" but plaintiff does not; and, that plaintiff and the offending Samuels have virtually identical Social Security Numbers, which differ only in the fact that one number ends in 2 and the other in 7. [Doc. 12-1, pp. 1-3] Plaintiff's complaint clearly lacks a basis in fact and should be dismissed as frivolous." [Docket No. 5:13-cv-2775; 2014 WL 50851 (W.D.La.)][1]

---

[1] Plaintiff's return address that he provided to the Court in this suit has his D.O.C. Number of #343508. Interestingly, Plaintiff previously filed an unrelated lawsuit in this court years ago, in 2002, captioned *Ontario A. Samuels v. Leonard Ross, et al.* This suit has Plaintiff's same name and D.O.C. number in his return address, and the same signature, yet includes his middle initial of "A".

5

*Conclusion*

For the forgoing reasons, Plaintiff's claim is frivolous and malicious, and should be dismissed as such. **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DENIED** and **DISMISSED WITH PREJUDICE** under 28 U.S.C. §1915(e)(2)(B) and 1915A.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 14th day of August, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE